JUSTIN AUGUSTINE
(CA Bar No. 235561)
JONATHAN EVANS
(CA Bar No. 247376)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Tel: (415) 436-9682
Fax: (415) 436-9683
E-mail: jaugustine@biologicaldiversity.org

*Attorneys for Plaintiffs*


KAREN P. HEWITT, United States Attorney
THOMAS C. STAHL, Assistant United States Attorney
(CA Bar No. 078291)
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 557-5610
Fax: (619) 557-5551
E-mail: thomas.stahl@usdoj.gov

JOHN C. CRUDEN, Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
KRISTEN L. GUSTAFSON, Senior Trial Attorney
H. HUBERT YANG, Trial Attorney, Pro Hac Vice
(DC Bar No. 491308)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

*Attorneys for Defendants*

Case No. 09cv0533

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and DAVID HOGAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE and KENNETH SALAZAR, in his official capacity as Secretary of the United States Department of the Interior,<br><br>    Defendants. | Case No. 09-cv-0533-W-RBB<br><br>STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER |

    Plaintiffs Center for Biological Diversity and David Hogan and Defendants United States Fish and Wildlife Service ("Service") and Kenneth Salazar, in his official capacity as Secretary of the United States Department of the Interior, by and through their undersigned counsel, state as follows:

    WHEREAS, on October 25, 2004, Plaintiffs submitted to the Service petitions to list the Hermes copper butterfly (*Lycaena hermes*) and the Thorne's hairstreak butterfly (*Callophrys gryneus thornei*) as threatened or endangered species pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq.;

    WHEREAS, on August 8, 2006, the Service published negative 90-day findings for both species in which the Service concluded that the petitions did not present substantial scientific or commercial information indicating that listing the two species may be warranted;

    WHEREAS, on March 17, 2009, Plaintiffs filed this action to challenge the negative 90-day findings and compel the Service to complete new 90-day findings for both species;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before May 13, 2010, the Service shall submit to the Federal Register a determination as to whether Plaintiffs' petition to list the Hermes copper butterfly presents substantial information indicating that the petitioned action may be warranted pursuant to 16 U.S.C. § 1533(b)(3)(A). In making this determination, the Service will evaluate the petition, supporting information submitted with the petition, and information available in the Service's files, including information that has become available since the publication of the negative 90-day finding on August 8, 2006, and will determine whether the petition presents substantial scientific or commercial information to indicate that listing of the species may be warranted. If the Service finds that the petition has presented substantial scientific or commercial information indicating that the petitioned action may be warranted, the Service shall review the status of the species and submit to the Federal Register a 12-month finding as to whether the petitioned action is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B), on or before April 15, 2011. This Agreement only requires Defendants to take action by the deadlines specified herein and does not limit the Service's authority with regard to the substantive outcome of any determination. To challenge

any final rule issued in accordance with this Agreement, Plaintiffs will be required to file a separate action.

2. On or before April 2, 2010, the Service shall submit to the Federal Register a determination as to whether Plaintiffs' petition to list the Thorne's hairstreak butterfly presents substantial information indicating that the petitioned action may be warranted pursuant to 16 U.S.C. § 1533(b)(3)(A). In making this determination, the Service will evaluate the petition, supporting information submitted with the petition, and information available in the Service's files, including information that has become available since the publication of the negative 90-day finding on August 8, 2006, and will determine whether the petition presents substantial scientific or commercial information to indicate that listing of the species may be warranted. If the Service finds that the petition has presented substantial scientific or commercial information indicating that the petitioned action may be warranted, the Service shall review the status of the species and submit to the Federal Register a 12-month finding as to whether the petitioned action is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B), on or before March 4, 2011. This Agreement only requires Defendants to take action by the deadlines specified herein and does not limit the Service's authority with regard to the substantive outcome of any determination. To challenge any final rule issued in accordance with this Agreement, Plaintiffs will be required to file a separate action.

3. Either party may seek to modify the deadlines for any of the actions specified in Paragraph 1 and Paragraph 2 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed

to comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 4 below.

4.      The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadlines for the actions specified in Paragraph 1 and Paragraph 2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.  In the event that Defendants fail to meet a deadline and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5.      No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a 90-day or 12-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

6.      Defendants agree that Plaintiffs are the "prevailing party" in this action, and agree to pay Plaintiffs' reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Defendants therefore agree to settle all of Plaintiffs' claims for

1  costs and attorneys' fees in this matter for a total of $14,726.25.  A check will be made payable

2  in that amount to the Center for Biological Diversity, c/o Jonathan Evans, 351 California Street,

3  Suite 600, San Francisco, CA 94104.  Defendants agree to submit all necessary paperwork for

4  the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund

5  Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the order

6  approving this Agreement.

7        7.  Plaintiffs agree to accept payment of $14,726.25 in full satisfaction of any and all

8  claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in this matter

9  through and including the date of this Agreement.

10        8.  Plaintiffs agree that receipt of this payment from Defendants shall operate as a

11  release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including

12  the date of this Agreement.

13        9.  The parties agree that Plaintiffs reserve the right to seek additional fees and costs

14  incurred subsequent to this Agreement arising from a need to enforce or defend against efforts

15  to modify the underlying schedule outlined in Paragraph 1 and Paragraph 2 or for any other

16  continuation of this action.  By this Agreement, Defendants do not waive any right to contest

17  fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation

18  or continuation of the present action.  Further, this Agreement as to attorneys' fees and costs has

19  no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

20        10.  Subject to the qualifications in Paragraph 11, no provision of this Agreement

21  shall be interpreted as, or constitute, a commitment or requirement that Defendants take action

22  in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or

23  regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to

24

Case No. 09cv0533

limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

11. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

12. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

13. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

14. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

15. Upon approval of this Agreement by the Court, all counts of Plaintiffs' complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

| | |
|---|---|
| Dated: September 16, 2009 | Respectfully submitted, |
| | |
| | */s/ Jonathan Evans* |
| | JUSTIN AUGUSTINE (CA Bar No. 235561) |
| | JONATHAN EVANS (CA Bar No. 247376) |
| | Center for Biological Diversity |
| | 351 California Street, Suite 600 |
| | San Francisco, CA 94104 |
| | Tel: (415) 436-9682 |
| | Fax: (415) 436-9683 |
| | E-mail: jaugustine@biologicaldiversity.org |
| | |
| | *Attorneys for Plaintiffs* |
| | |
| | |
| | JOHN C. CRUDEN |
| | Acting Assistant Attorney General |
| | JEAN E. WILLIAMS |
| | Section Chief |
| | KRISTEN L. GUSTAFSON |
| | Senior Trial Attorney |
| | |
| | */s/ H. Hubert Yang* |
| | H. HUBERT YANG |
| | Trial Attorney |
| | United States Department of Justice |
| | Environment & Natural Resources Division |
| | Wildlife & Marine Resources Section |
| | 601 D Street, N.W., Room 3710 |
| | Washington, DC 20004 |
| | Tel: (202) 305-0209 |
| | Fax: (202) 305-0275 |
| | E-mail: hubert.yang@usdoj.gov |
| | |
| | Of Counsel: |
| | |
| | LYNN COX |
| | United States Department of the Interior |
| | Office of the Solicitor |
| | Pacific Southwest Regional Office |
| | |
| | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2009, I electronically filed the foregoing Stipulated Settlement Agreement and [Proposed] Order with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ H. Hubert Yang*
H. HUBERT YANG
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
601 D Street, N.W., Room 3710
Washington, DC 20004
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

*Attorney for Defendants*
